UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 18-cv-06371-LB |
| Plaintiff, | **DISCOVERY ORDER** |
| v. | Re: ECF No. 178 |
| JEAN DANHONG CHEN, et al., | |
| Defendants. | |

    In this lawsuit, the SEC charges a scheme to violate U.S. securities laws by, among other acts, certain defendants' acting unlawfully as brokers and receiving unlawful commissions, in connection with investment offerings under the federal EB-5 Immigrant Investor Program, and then covering up the scheme.[1] The United States Citizenship and Immigration Services (USCIS) administers the EB-5 program, which allows foreign investors to invest at least $500,000 in USCIS-approved businesses, thereafter obtain a two-year "conditional permanent residency" visa, and (if at least ten U.S. jobs are created) obtain permanent residency.[2] Often, the investments are made through an investment vehicle such as a limited partnership or a limited liability company

---

[1] Compl. – ECF No. 1 at 1–2 (¶¶ 1–4). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 5 (¶¶ 22–24).

ORDER – No. 18-cv-06371-LB

(offered through administrative entities called "regional centers").[3] The alleged scheme is that defendant Jean Chen, the sole partner of her law firm (with offices in San Francisco, San Jose, and Beijing), filed EB-5 petitions on behalf of her legal clients and then, she and her husband, co-defendant Tony Ye (her law firm's office manager), brokered transactions (even though they are not registered brokers with the SEC) by introducing the clients to regional centers for the EB-5 projects that the clients ultimately sponsored. As a result, Ms. Chen and Mr. Ye received $12 million in unlawful commissions that they did not disclose to Ms. Chen's legal clients.[4] Then, with the help of co-defendant Kuansheng Chen, who lives in Hong Kong, they tried to conceal the scheme by means that included the use of Mr. Chen's offshore bank account.[5]

The discovery dispute turns on where Ms. Chen's deposition will take place. She is a U.S. Citizen, lived in the Northern District, has been charged criminally, and fled the United States.[6] The SEC wants to depose her in San Francisco, where she lived previously and where the events took place.[7] The plaintiff wants a deposition elsewhere. She is living in China, recently suffered a bone fracture that puts her in wheelchair, cares for her dependent mother there, cannot be deposed remotely or in person in China unless the Chinese government gives permission, and is willing to testify in person or remotely in China (with permission), Japan, Hong Kong, Taiwan, Singapore, or Korea. She thus seeks a protective order to allow a deposition to take place remotely or in person in Asia.[8]

The general rule is that "the deposition of a party may be noticed wherever the deposing party designates, subject to the Court's power to grant a protective order." *Fausto v. Crediggy Servs. Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008). Under Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or

---

[3] *Id.* (¶¶ 22–23).

[4] *Id.* at 1–2 (¶ 1), 5–6 (¶¶ 26–34).

[5] *Id.* at 3 (¶ 11).

[6] Joint Letter Br. – ECF No. 178 at 4; Smith Decl. – ECF No. 178-2 at 2 (¶ 3) (citing indictment, FBA Special Agent Kyla Charter's affidavit, and a transcript of court proceedings on February 7, 2019).

[7] Joint Letter Br. – ECF No. 178 at 3–5.

[8] *Id.* at 2–3; Rosen Decl. – ECF No. 178-1 at 1–3 (¶¶ 8, 11, 12, 14, 16, 19).

undue burden or expense," including forbidding a deposition or limiting its scope. The party seeking a protective order bears the burden of showing good cause for the order by "demonstrating harm or prejudice that will result from the discovery." *Apple v. Samsung*, 282 F.R.D. 259, 262-63 (2012). When a defendant resides overseas, courts look at different factors, including "the location of counsel for the parties in the forum district, . . . the likelihood of significant discovery disputes which would necessitate resolution by the forum court; . . . and . . . the equities with regard to the nature of the claim and the parties' relationship." *SEC v. Banc de Binary*, No. 2:13-CV-993-RCJ-VCF, 2014 @L 1030862, at *3 (D. Nev. Mar. 14, 2014); *see id.* at *4 (also examining requirements for foreign depositions under Fed. R. Civ. P. 28(b)).

There is the issue of what relevance the criminal proceedings have. In a Northern District case requiring a defendant living in Hong Kong to appear for a deposition in San Francisco, the court held the following:

> The issue, then, is what relevance, if any, the risk of arrest upon entry has to the Court's decision regarding the location of a deposition. The Court is persuaded by the reasoning in *Mill-Run Tours, Inc. v. Kasshoggi*, 124 F.R.D. 547 (S.D.N.Y. 1989) that "[i]t would be inappropriate for this Court to act as a prosecutor and order [defendant] to be deposed here as a means of apprehending him," and "[b]y the same token, it would anomalous if the indictment were to give [defendant] an advantage in this civil litigation by being considered as a factor making it 'inconvenient for him to appear here for deposition. Accordingly, [defendant's] criminal difficulties have not been taken into account in connection with the instant motion." *Id.* at 551. . . . The court in *S.E.C. v. Banc de Binary*, 2014 WL 1030862[,] at *9 (D. Nev. 2014) also followed this approach. Accordingly, this Court has no basis to revisit its previous Order that Mr. Wu's deposition take place in San Francisco.

*SEC v. Wu*, No. 11-cv-04988-JSW (EDL), 2015 WL 5357715, at *3 (N.D. Cal. Sept. 14, 2015).

The court follows this reasoning as persuasive. The deposition should take place in San Francisco. Ms. Chen lived here, the facts that form the basis for the lawsuit occurred here, the trial will take place here, and any disputes that arise at a deposition are more efficiently addressed here. Ms. Chen's citizenship carries with it responsibilities that include "the obligation to return home and testify at a deposition." *Banc de* Binary, 2014 WL 1030862, at *9. The SEC is entitled to an in-person deposition. Ms. Chen has not demonstrated the requisite good cause for a protective order: she offers to travel for a deposition in Asia, which means her personal responsibilities do

1  not preclude travel. As the *Wu* court held, her criminal difficulties are not appropriately taken into
2  account. 2015 WL 1030862 at *3.

3  The SEC may re-notice the deposition to take place in person in San Francisco.

4  **IT IS SO ORDERED.**

5  Dated: November 6, 2023

   _____
   LAUREL BEELER
   United States Magistrate Judge