UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 18-cv-06371-LB |
| Plaintiff, | **DISCOVERY ORDER** |
| v. | Re: ECF No. 194 |
| JEAN DANHONG CHEN, et al., | |
| Defendants. | |

In this lawsuit, the SEC charges a scheme by the defendants to violate U.S. securities laws by, among other acts, acting unlawfully as brokers and receiving unlawful commissions, in connection with investment offerings under the federal EB-5 Immigrant Investor Program, and then covering up the scheme.[1] The United States Citizenship and Immigration Services (USCIS) administers the EB-5 program, which allows foreign investors to invest at least $500,000 in USCIS-approved businesses, thereafter obtain a two-year "conditional permanent residency" visa, and (if at least ten U.S. jobs are created) obtain permanent residency.[2] Often, the investments are made through an investment vehicle such as a limited partnership or a limited liability company (offered through

---

[1] Compl. – ECF No. 1 at 1–2 (¶¶ 1–4). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 5 (¶¶ 22–24).

ORDER – No. 18-cv-06371-LB

administrative entities called "regional centers").[3] The alleged scheme is that defendant Jean Chen, the sole partner of her law firm (with offices in San Francisco, San Jose, and Beijing), filed EB-5 petitions on behalf of her legal clients and then, she and her husband, co-defendant Tony Ye (her law firm's office manager), brokered transactions (even though they are not registered brokers with the SEC) by introducing the clients to regional centers for the EB-5 projects that the clients ultimately sponsored. As a result, Ms. Chen and Mr. Ye received $12 million in unlawful commissions that they did not disclose to Ms. Chen's legal clients.[4] Then, with the help of co-defendant Kuansheng Chen, who lives in Hong Kong, they tried to conceal the scheme by means that included the use of Mr. Chen's offshore bank account.[5]

The discovery dispute turns on where Ms. Chen's deposition will take place. She is a U.S. citizen, lived in the Northern District, has been charged criminally, and left the United States.[6] The SEC wants to depose her in San Francisco, where she lived previously and where the events took place.[7] The plaintiff wants a deposition elsewhere. She is living in China, recently suffered a bone fracture that puts her in wheelchair, cares for her dependent mother there, cannot be deposed remotely or in person in China unless the Chinese government gives permission, and is willing to testify in person or remotely in China (with permission), Japan, Hong Kong, Taiwan, Singapore, or Korea. She thus sought a protective order to allow a deposition to take place remotely or in person in Asia.[8] In a recent filing, she added that it is medically dangerous for her to fly because she suffers from potentially dangerous blood clots.[9]

The general rule is that "the deposition of a party may be noticed wherever the deposing party designates, subject to the Court's power to grant a protective order." *Fausto v. Credigy Servs.*

---

[3] *Id.* (¶¶ 22–23).

[4] *Id.* at 1–2 (¶ 1), 5–6 (¶¶ 26–34).

[5] *Id.* at 3 (¶ 11).

[6] Joint Letter Br. – ECF No. 178 at 4; Smith Decl. – ECF No. 178-2 at 2 (¶ 3) (citing indictment, FBA Special Agent Kyla Charter's affidavit, and a transcript of court proceedings on February 7, 2019).

[7] Joint Letter Br. – ECF No. 178 at 3–5.

[8] *Id.* at 2–3; Rosen Decl. – ECF No. 178-1 at 1–3 (¶¶ 8, 11, 12, 14, 16, 19).

[9] Mot. – ECF No. 194 at 2.

*Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008). Under Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding a deposition or limiting its scope. The party seeking a protective order bears the burden of showing good cause for the order by "demonstrating harm or prejudice that will result from the discovery." *Apple v. Samsung*, 282 F.R.D. 259, 262-63 (2012). When a defendant resides overseas, courts look at different factors, including "the location of counsel for the parties in the forum district, . . . the likelihood of significant discovery disputes which would necessitate resolution by the forum court; . . . and . . . the equities with regard to the nature of the claim and the parties' relationship." *SEC v. Banc de Binary*, No. 2:13-CV-993-RCJ-VCF, 2014 WL 1030862, at *3 (D. Nev. Mar. 14, 2014); *see id.* at *4 (also examining requirements for foreign depositions under Fed. R. Civ. P. 28(b)).

There is the issue of what relevance the criminal proceedings have. In a Northern District case requiring a defendant living in Hong Kong to appear for a deposition in San Francisco, the court held the following:

> The issue, then, is what relevance, if any, the risk of arrest upon entry has to the Court's decision regarding the location of a deposition. The Court is persuaded by the reasoning in *Mill-Run Tours, Inc. v. Kasshoggi*, 124 F.R.D. 547 (S.D.N.Y. 1989) that "[i]t would be inappropriate for this Court to act as a prosecutor and order [defendant] to be deposed here as a means of apprehending him," and "[b]y the same token, it would anomalous if the indictment were to give [defendant] an advantage in this civil litigation by being considered as a factor making it 'inconvenient for him to appear here for deposition. Accordingly, [defendant's] criminal difficulties have not been taken into account in connection with the instant motion." *Id.* at 551. . . . The court in *S.E.C. v. Banc de Binary*, 2014 WL 1030862[,] at *9 (D. Nev. 2014) also followed this approach. Accordingly, this Court has no basis to revisit its previous Order that Mr. Wu's deposition take place in San Francisco.

*SEC v. Wu*, No. 11-cv-04988-JSW (EDL), 2015 WL 5357715, at *3 (N.D. Cal. Sept. 14, 2015).

The court followed this reasoning as persuasive and — on a different record — did not take Ms. Chen's criminal difficulties into account and ordered her deposition in person, in San Francisco. She lived here, the facts that form the basis for the lawsuit occurred here, the trial will take place here, and any disputes that arise at a deposition are more efficiently addressed here. Ms. Chen's citizenship carries with it responsibilities that include "the obligation to return home and

ORDER – No. 18-cv-06371-LB    3

testify at a deposition." *Banc de Binary*, 2014 WL 1030862, at *9. The court thus held that the SEC was entitled to an in-person deposition.[10]

Ms. Chen moved again to allow a deposition at a location where she can drive or by videoconference.[11] She made other arguments too. The court addresses them and generally holds that only the medical issues are persuasive.

First, to the extent that Ms. Chen suggests that the SEC's taking her testimony in person militates in favor of not requiring her appearance again,[12] it does not. A deposition is different than testimony. But for the health issues, the court's earlier analysis was that the SEC could notice her deposition in San Francisco.[13]

Second, Ms. Chen contends that a foreign defendant should be deposed at his residence.[14] *Buryan v. Max Factor & Co.*, 41 F.R.D. 330, 332 (S.D.N.Y. 1967). *Buryan* involved California-based defendants who did not want to be deposed in New York. *Id.* Courts do not automatically apply it in the case of foreign depositions. In *Doe v. Karadzic*, for example, the court acknowledged that the presumption that the defendant is deposed at his residence is based on the concept that the plaintiff chooses the forum, and the defendants are not in the forum by choice. No. 93 Civ. 878, 1997 WL 45515, at *3 (S.D.N.Y. Feb. 4, 1997). It still ordered the deposition of the defendant in New York based on considerations of convenience, efficiency, and safety. *Id.* at *2–3. Courts have broad discretion to establish the time and place for depositions. *Fausto v. Credigy Servs. Corp*, 251 F.R.D. 427, 429–30 (N.D. Cal. 2008) (allowing U.S.-based deposition because taking depositions in Brazil is illegal). The permission of the Chinese government is needed for depositions there.[15] *Peerless Indus., Inc. v. Crimson AV LLC*, No. 11 C 1768, 2-13 WL

---

[10] Order – ECF No. 187 at 2–3.

[11] Mot. – ECF No. 194. Her counsel made the point about driving at the hearing. To the extent that Ms. Chen needed to move for leave to reconsider the court's earlier order, the court grants relief. The court does not take an overly literal view of N.D. Cal. Civ. L. R. 7-9(b). And there is new information about her medical condition.

[12] Mot. – ECF No. 194 at 15 n.12.

[13] Order – ECF No. 187 at 2–3.

[14] Mot. – ECF No. 194 at 23 nn.38–39.

[15] *Id.* at 15 n.11.

1195829, at *6 (N.D. Ill. Mar. 22, 2013). The *Peerless* court ordered the defendant's deposition in the Northern District of Illinois, not by videoconference in Taiwan, because he was the managing agent of an Illinois corporation, and the lawyers were all located there too. *Id.* Ms. Chen lived in San Francisco and ran the business here. Again, without considering the criminal case, that supports deposing her here for convenience, efficiency, and safety. The presumption against deposing a defendant where he resides also "is weakest where the plaintiff was constrained to file suit in a particular forum." *SEC v. Aly*, 320 F.R.D. 116, 118 (S.D.N.Y. 2017).

Third, Ms. Chen contends that that remote depositions by videoconference are favored.[16] Some of her cases involve witnesses. Some of the cases involve extenuating circumstances surrounding costs. Also, when the court considered the issue last, Ms. Chen was willing to fly six hours to Singapore.[17] At that time at least, the issue was about not wanting to fly to the United States, where she presumably faces arrest on the criminal charges. Burdens from travel to each side can "point to holding a deposition by videoconference." *Id.* at 119. A videoconference can be, but is not necessarily, an adequate substitute for an in-person deposition if significant expenses are at issue or when the deposition covers a limited set of topics. *Id.* (citation omitted) (citing a case with a parenthetical quote making this point).

Fourth, the main issue is the health concern. Counsel has represented that flying risks Ms. Chen's life. The record allows the court to conclude that medical issues like those that counsel describes can be medically dangerous. The issue is that the record needs updating about Ms. Chen's scheduled surgery, recovery, and whether she is able to fly.[18] She should be able to have a doctor's note, and in any event, she can supplement what she said in January with a more current timeline. She can do that by filing a supplemental declaration about the health issues by February 26, 2024.

A final issue is, Ms. Chen needs to be more specific about exactly where a deposition can take place. (It can't in China, at least not on this record: it is not a realistic solution, for many reasons.)

---

[16] *Id.* at 25 n.46 (collecting cases).

[17] Opp'n – ECF No. 192 at 2 (issue was raised at the November 2, 2023 hearing).

[18] Chen Decl. – ECF No. 194-2 at 1–2 (¶¶ 3–14).

United States District Court
Northern District of California

The court asks the parties to confer on Monday and to file a joint statement on Tuesday, February 13, 2024, with concrete proposals that will work.

This disposes of ECF No. 194.

**IT IS SO ORDERED.**

Dated: February 10, 2024

LAUREL BEELER
United States Magistrate Judge